IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Joseph Rankin,              ) | |
|                             ) | |
|     *Plaintiff*,       ) | |
|                             ) | Case No. 13 CV 50197 |
| v.                          ) | |
|                             ) | Magistrate Judge Iain D. Johnston |
| Carolyn Colvin,             ) | |
| Acting Commissioner of the  ) | |
| Social Security Administration, ) | |
|                             ) | |
|     *Defendant*.      ) | |

### MEMORANDUM OPINION AND ORDER

Plaintiff's motion for attorney's fees (Dkt. 23) under the Equal Access to Justice Act is granted in part. For the reasons set forth below, the Court awards $8,425.67 in fees and costs.

### I. BACKGROUND

In June 2013, Plaintiff, Joseph Rankin, filed this action, challenging the March 2012, decision of the Administrative Law Judge ("ALJ") denying his application for disability benefits based on his cerebral palsy. On December 17, 2014, this Court ultimately remanded the case to the Social Security Administration for further proceedings. *Rankin v. Colvin*, No. 13 CV 50197, 2014 U.S. Dist. LEXIS 173821 (N.D. Ill. Dec. 17, 2014).

As a result of this Court's decision to remand, Plaintiff now seeks to recover his attorney's fees and costs in the amount of $9,739.42, pursuant to the Equal Access to Justice Act ("EAJA"). 28 U.S.C. § 2412(d). Plaintiff argues he is entitled to fees and costs because the Commissioner's position was not substantially justified. Plaintiff also contends he is entitled to recover attorney's fees above the statutory rate of $125 per hour because of an increase in the cost of living. The Commissioner opposes the fee request, maintaining that its position was substantially justified. The Commissioner further argues that the hourly rate and the number of hours requested are unreasonable and not justified.

### II. LEGAL STANDARD

Under the EAJA, a plaintiff is eligible to recover attorney's fees if: (1) he is the prevailing party; (2) the government's position was not substantially justified; (3) no special circumstances make an award unjust; and (4) he filed a timely and complete fee application. 28 U.S.C. § 2412(d)(1)(A), (B); *Stewart v. Astrue*, 561 F.3d 679, 683 (7th Cir. 2009). A claimant is entitled to an award of fees and expenses if the Commissioner's pre-litigation conduct or litigation position lacked substantial justification. *Cunningham v. Barhnhart*, 440 F.3d 862, 863 (7th Cir. 2006). The burden is on the Commissioner to establish substantial justification. *Stewart v. Astrue*, 561 F.3d 679, 683 (7th Cir. 2009). The Commissioner's position is substantially justified if it has a "reasonable basis in fact and law, and if there is a reasonable connection between the facts and the legal theory." *Id.* (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988); *Conrad v. Barnhart*, 434 F.3d 987, 990 (7th Cir. 2006)). It therefore follows that a loss on the merits does not automatically result in a finding that the Commissioner's position was not substantially justified. *Underwood*, 487 U.S. at 569. Instead, the Court must assess the Commissioner's conduct as a whole and determine whether the Commissioner has satisfied her burden of establishing that her litigation position and pre-litigation conduct had a reasonable basis in fact and law. *Stewart*, 561 F.3d at 683; *Cunningham*, 440 F.3d at 863.

### III. DISCUSSION

**A. Substantially Justified**

The basis for remanding this case was because the ALJ failed to apply the treating physician rule. In the ALJ's analysis, which consisted of only seven paragraphs, she rejected the opinion of Plaintiff's long-time treating physician, Dr. Harry Darland, that Plaintiff stopped working in 1996 because of his severe debility associated with cerebral palsy and due to pain and stiffness in his muscles and joints. R. 22-23, 379. The ALJ acknowledged that this was the opinion of a treating source, but rejected it because "there is not enough evidence that would support the opinion of the doctor for the period prior to December 1997." R. 22-23. This is the only explanation the ALJ provided to support her decision.

The regulations provide that a treating physician's opinion is entitled to controlling weight if it is supported by medical findings and consistent with other substantial evidence in the record. 20 C.F.R. § 404.1527(c)(2); *Moore v. Colvin*, 743 F.3d 1118, 1127 (7th Cir. 2014). If an ALJ does not give a treating physician's opinion controlling weight, he must determine what specific weight, if any, the opinions should be given after analyzing the checklist of factors set forth in the Social Security regulations.[1] 20 C.F.R. § 404.1527(c)(2) (requiring "good reasons"

---

[1] The factors are: (1) length of treatment; (2) the nature and extend of the treatment relationship; (3) the supportability of the medical opinion; (4) the consistency of the opinion

- 2 -

for not giving controlling weight to a treating source's opinion); *Campbell v. Astrue*, 627 F.3d 299, 308 (7th Cir. 2010) (referring to the factors as a "required checklist").

Here, the ALJ rejected Dr. Darland's opinion, but, contrary to § 404.1527(c)(2), did not apply the required checklist or give good reasons to justify her conclusion. Specifically, this Court took issue with the fact that the ALJ failed to acknowledge evidence that Dr. Darland's treating relationship with Plaintiff was "long-term, close, and ongoing," despite evidence suggesting that Plaintiff treated with Dr. Darland on a regular basis since the 1970s. *Rankin*, 2014 U.S. Dist. LEXIS 173821, at *9-10. The ALJ also determined that Plaintiff had the ability to perform a full range of sedentary work, but failed to address Dr. Darland's conclusions that Plaintiff's limitations with the fine motors skills in his hands and arms precluded him from any type of work. *Id.* at *10. Moreover, this Court found the Commissioner's harmless error argument without merit due to the "complete lack of explanation by the ALJ," and because the Commissioner relied "on evidence never discussed by the ALJ." *Id.* at *11-12.

In opposing this fee petition, the Commissioner continues to maintain that her position was substantially justified. She argues that the ALJ merely failed to articulate her reasons for rejecting Dr. Darlan's opinion, noting that the record contains "very little contemporaneous evidence that supported Dr. Darland's opinions about Plaintiff's ability to work in the distant past." Dkt. 28 at 3. Nevertheless, the regulations clearly require the ALJ to apply the checklist and provide good reasons for rejecting a treating sources opinion. *See* 20 C.F.R. § 404.1527(c)(2). The Seventh Circuit has emphasized the importance for ALJs to consider these factors when determining what weight to give the opinion. *See Campbell*, 627 F.3d at 308; *Larson v. Astrue*, 615 F.3d 744, 751 (7th Cir. 2010); *Moss v. Astrue*, 555 F.3d 556, 561 (7th Cir. 2009). Therefore, the Commissioner cannot now cure the ALJ's error to follow the treating physician rule by evaluating the evidence in the record and concluding that there was little evidence to support Dr. Darland's opinion. *See Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004) ("[G]eneral principles of administrative law preclude Commissioner's lawyers from advancing grounds of the agency's decision that were not given by the ALJ.") (citation and quotation marks omitted).

The Commissioner relies on *McFadden v. Astrue*, 465 F. App'x 557 (7th Cir. 2012), to support her harmless error argument. This Court finds *McFadden* distinguishable. The Court in *McFadden* determined that any error by the ALJ in not addressing the plaintiff's treating physician's opinion was harmless because the opinion did not identify any objective medical findings on which it was based. *Id.* at 560. However, the court went on to state that the ALJ's residual functional capacity findings incorporated the postural limitations addressed by the treating

---

with the record as a whole; (5) the physician's degree of specialization; and (6) other factors which tend to support or contradict the opinion. 20 C.F.R. § 404.1527(c)(2)(i)-(ii), (c)(3)-(6).

physician and were supported by the record as a whole. *Id*. The instant case differs significantly because, as noted above, Dr. Darland's conclusions were at odds with the ALJ's findings.

Therefore, in light of the ALJ's failure to adhere to agency regulations and Seventh Circuit precedent, this Court finds that the Commissioner has not met her burden to demonstrate that her position was substantially justified.

**B. Claimed Hours**

In finding that Plaintiff is eligible to recover fees because the Commissioner's position was not substantially justified, the Court must now determine whether Plaintiff has satisfied his burden of demonstrating that his fee request is reasonable, both as to rate and the number of hours requested. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *see also Comm'r I.N.S. v. Jean*, 496 U.S. 154, 161 (1990) (noting that the district court's task of determining what fee is reasonable under the EAJA is essentially the same as that described in *Hensley*).

Plaintiff's counsel has requested fees for 43.75 hours[2] of work in bringing this action and submitting the fee petition and an additional 6 hours in preparing a reply to the fee petition. The Commissioner challenges the number of hours spent working on this case as unreasonable. Specifically, the Commissioner seeks to deduct: (1) 0.5 hours for issuing a summons; (2) 0.25 hours for reviewing the judge assignment; (3) 0.5 hours for converting the administrative record; (4) 0.5 hours for phone calls discussing his own and the government's motions for extension of time; (5) 1 hour for preparing the first motion for extension of time and 0.25 hours for reviewing the granted motion; (6) 0.5 hours for mailing an affidavit and fee assignment to Plaintiff; and (7) 4 hours for preparing the EAJA fee petition.

Upon review of the itemization of time spent on this case and the parties' arguments relating to these hours, the Court finds that the number of hours requested by Plaintiff's counsel should be reduced. Plaintiff requests 0.5 hours for time spent serving a summons on the Commissioner, noting that Local Rule 4 does not excuse service because it only applies to *in forma pauperis* cases. While Local Rule 4 is titled "Service in In Forma Pauperis Cases," section (b) specifically states that no service is required in any case seeking review under the Social Security Act, "not limited to in forma pauperis cases." Thus, service of summons was unnecessary and the 0.5 hours of time related to this work will not be awarded.

---

[2] The Court notes that in response to arguments by the Commissioner, Plaintiff has agreed to strike 1.25 hours of work relating to his second motion for an extension of time. Dkt. 31 at 2. In light of this concession, the Court has reduced Plaintiff's total requested hours accordingly.

- 4 -

Plaintiff's counsel requests 0.25 hours to review the judge assignment, 0.5 hours to convert the administrative record, 0.25 hours to speak with the government about its extension of time, and 0.5 hours for mailing documents to Plaintiff. The Commissioner argues that the 1.5 hours counsel spent on these tasks is non-compensable because they are clerical in nature. The Commissioner further notes that the phone call at issue was actually from the Commissioner's staff to Plaintiff's counsel's staff. Time spent on non-professional or clerical tasks are typically not compensable under the EAJA. *See Spegon v. Catholic Bishop of Chi.*, 175 F.3d 544, 553 (7th Cir.1999) (analyzing fees awarded pursuant to the Fair Labor Standards Act's provision for awarding attorney's fees and finding that hours spent by counsel on tasks that are easily delegable to non-professional assistance should be disallowed); *L.S.M. ex rel. Elzy v. Astrue*, No. 1:10-cv-01593-MJD-JMS, 2012 U.S. Dist. LEXIS 92033, at *8 (S.D. Ind. July 2, 2012) (denying fees for time spend copying the administrative record); *Pecha v. Barnhart*, No. 05-C-0099-C, 2006 U.S. Dist. LEXIS 11484, at *5-6 (W.D. Wis. Mar. 8, 2008) (reducing the requested EAJA fees for clerical tasks such as mailing and filing). In response to the Commissioner's argument, Plaintiff has provided some additional detail of the work performed in these entries, but failed to address the Commissioner's assertion that these tasks were clerical. Therefore, Plaintiff has failed to justify the reasonableness of the hours billed at the requested rate, and the Court will only allow him to recover fees for the reduced time of 0.50 hours spent performing these tasks.

Plaintiff's counsel also requests a total of 1.5 hours relating to hours spent obtaining his first extension of time. These tasks include 0.25 hours talking with the government about the briefing schedule, 1 hour preparing and filing the motion and 0.25 hours reviewing the granted motion. The Commissioner again points out that this phone call was actually between the Commissioner's staff and Plaintiff's counsel's staff, despite it being billed at an attorney rate. The Commissioner further contends that time spend obtaining an extension of time is not compensable. *See Holland v. Barnhart*, No. 02 C 8398, 2004 U.S. Dist. LEXIS 1364, at *6 (N.D. Ill. Feb. 3, 2004) (deducting time spent preparing a motion for extension of time). In response, Plaintiff does not explain the reason for billing the telephone call at an attorney rate or the justification for spending an hour on a one-page, unopposed motion for an extension of time. In light of Plaintiff's failure to justify the reasonableness of these hours, other than explaining that counsel was unfamiliar with this Court's briefing schedule, the Court finds that none of this time is compensable.

Lastly, Plaintiff requests 4 hours for time researching and preparing the petition for fees and 6 hours for preparing the reply brief. The Commissioner requests that the 4 hours Plaintiff's counsel spent on the petition be reduced by 2 hours because the petition was just over one page and the brief in support was under three pages and looks strikingly similar to a brief filed in a previous case.

Although the Commissioner was not able to respond to the additional 6 hours Plaintiff's requests for preparing the reply brief, the Court assumes she would take issue with the hours requested.

Generally, time spent on a motion for fees is compensable. *See Comm'r I.N.S.*, 496 U.S. at 162 (finding time spend preparing a motion for fees compensable under the EAJA). The Court agrees that the petition for fees filed in this case was very short and similar to a brief previously filed with the Court. However, as Plaintiff notes, he was required to evaluate and comply with recent Seventh Circuit case law regarding the standard for requesting fees above the statutory cap. *See Sprinkle v. Colvin*, 777 F.3d 421, 423 (7th Cir. 2015). In complying with this new decision, Plaintiff attached two attorney affidavits for support. However, Plaintiff has offered no other justification for the 4 hours he spent researching and preparing the short petition, which included no analysis of the new requirements set out in *Sprinkle*. As such, the Court will only award fees for 3 hours spent researching and preparing the fee petition. *See Russell v. Astrue*, No. 09 C 5702, 2014 U.S. Dist. LEXIS 43863, at *2 (N.D. Ill. Mar. 31, 2014) (awarding fees for 2.5 hours spent preparing the fee petition).

Furthermore, Plaintiff offers no explanation for the 6 hours spent preparing the reply brief. Although Plaintiff attached an additional affidavit in support of the increased hourly rate and addressed *Sprinkle*, the remainder of the brief has very little explanation for the hours disputed by the Commissioner. Therefore, the Court will only award fees for 3 hours spent preparing this reply. *See Murphy v. Colvin*, No. 10 C 607, 2013 U.S. Dist. LEXIS 169156, at *25 (N.D. Ill. Dec. 2, 2013) (finding 2.5 hours expended preparing the reply to fee petition was reasonable); *Smith v. Barnhart*, No. 00 C 7652, 2002 U.S. Dist. LEXIS 17953, at *8 (N.D. Ill. Sept. 24, 2002) (finding 4.3 hours for preparing the reply to fee petition reasonable).

Accordingly, the total number of hours spent on this appeal is reduced from 49.75 to 42.75 hours. The Court will also award Plaintiff $400 in costs spent on his filing fee to commence this action. *See Tchemkou v. Mukasey*, 517 F.3d 506, 512 (7th Cir. 2008) (awarding cost for filing fee under the EAJA).

**C. Hourly Rate**

The EAJA provides that fee awards "shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii)). In order to prove that such an increase is justified, the Seventh Circuit recently held that the claimant may rely on the Consumer Price Index ("CPI"), "as well as proof that the requested rate does not exceed the prevailing

market rate in the community for similar services by lawyers of comparable skill and experience. An affidavit from a single attorney testifying to the prevailing market rate in the community may suffice to meet that burden." *Sprinkle*, 777 F.3d at 423.

Here, Plaintiff seeks attorney's fees based on an hourly rate between $186.67 and $190.21 per hour. In support of this increased rate, Plaintiff has attached the CPI data for 2013 through 2015 to his petition for fees. Dkt. 24, Ex. C. Plaintiff has also attached the affidavit of his attorney and two other attorneys who practice in the community to establish the prevailing market rate. Dkt. 24, Exs. D-F. One attorney averred that he represents Social Security Disability claimants, but would not represent a client for less than $125 per hour. Dkt. 24, Ex. D. The second attorney averred that he charges $300 per hour for appellate litigation. Dkt. 24, Ex. E.

The Commissioner contends that Plaintiff has not justified a rate above the statutory cap because the attached affidavits fail to prove that the requested rate does not exceed the prevailing market rate for similar services. In his reply, Plaintiff attached an additional affidavit from an attorney who practices Social Security law. Dkt. 31, Ex. A. This attorney averred that he charges $350 per hour because he has 30 years of experience, but that he charges $200 for attorneys with under two years of experience and $250 for attorneys with more than two years of experience. *Id.*

In light of the evidence offered by Plaintiff, the Court finds that Plaintiff has made a sufficient showing that inflation justifies a higher hourly rate under the EAJA. *See Sprinkle*, 777 F.3d 421. Accordingly, fees are awarded for compensable legal work at a rate between $186.67 and $190.21 per hour.

**D. Payment of Fees**

Lastly, the parties dispute whether payment should be made directly to Plaintiff or his counsel. The Commissioner contends that any fee award must be made payable to Plaintiff, so that the government can verify that Plaintiff owes no pre-existing debt that is subject to offset. The Commissioner relies on the Supreme Court's decision in *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010), which held that an EAJA award "is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States." However, the Seventh Circuit has interpreted *Ratliff* to hold that if the claimant has assigned his right to a fee award to his counsel, "the only ground for the district court's insisting on making the award to the plaintiff is that the plaintiff has debts that may be prior to what she owes her lawyer." *Russell*, 2014 U.S. Dist. LEXIS 43863, at *11 (quoting *Mathews-Sheets v. Astrue*, 653 F.3d 560, 565 (7th Cir. 2011), *overruled on other grounds by Sprinkle*, 777 F.3d 421).

As in *Mathews-Sheets*, Plaintiff has assigned his fee award to his attorney. Dkt. 24, Ex. B. Additionally, "[t]here is no indication of [a pre-existing debt], so to ignore the assignment and order the fee paid to [the claimant] would just create a potential collection problem for the lawyer." *Id.* at 565-66 (citation omitted). Accordingly, we grant Plaintiff's request that the EAJA fees be made payable directly to his counsel, pursuant to the assignment of fees set forth in Plaintiff's fee agreement with his counsel. Dkt. 24 at Ex. B; *see Booker v. Colvin*, No. 09 C 1996 (N.D. Ill. June 17, 2013) (awarding fees directly to the plaintiff's counsel "when the Commissioner has done no more than speculate that there may be an outstanding debt.").

## IV. CONCLUSION

Therefore, Plaintiff's motion for attorney's fees and costs under the EAJA (Dkt. 24) is granted in part consistent with this Opinion. The Court awards a total of $8,425.67, consisting of $8,025.67 in fees and $400 in costs. In light of Plaintiff's assignment of any fee award to his counsel (Dkt. 24 at Ex. B), the award will be payable directly to Plaintiff's counsel.

Date: July 30, 2015         By: _____
                                Iain D. Johnston
                                United States Magistrate Judge